UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>-v-<br><br>BOBBY HOMRICH,<br>    Defendant-Petitioner. | No. 1:93-cr-16<br><br>HONORABLE PAUL L. MALONEY |

## OPINION

### I.

In 1994, Bobby Homrich was convicted by jury of conspiracy to distribute marijuana, cocaine, and heroin. (ECF No. 232.) He was sentenced to 360 months of imprisonment. (*See id*.)

Mr. Homrich was given an enhancement as a "career offender" within the meaning of § 4B1.1 of the then-mandatory sentencing guidelines for two prior crimes of violence, one of which qualified under the "residual clause." (*See id*.)After an initial non-meritorious habeas petition (*see* ECF No. 383), Mr. Homrich was denied authorization to file successive petitions over the course of many years. (*See, e.g.*, ECF Nos. 436, 459, 512.)

However, in June 2015, the Supreme Court announced its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminals Act unconstitutionally vague.[1]

Mr. Homrich viewed *Johnson* as providing an avenue to collaterally attack his sentence, which reflected his status as a "career offender." He filed a motion for authorization to file a successive habeas petition with the Sixth Circuit Court of Appeals. (*See* ECF No. 619.) In March

---

[1] Nearly one year later, the Supreme Court clarified "that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

2016, he received his authorization. (*Id.*) The order notes that "[t]he fact that the career-offender Guideline's residual clause had the same force of law as did the ACCA's at the time of Homrich's sentencing is sufficient to establish a prima facie showing that Homrich is entitled to relief." (*Id.* at PageID.415.)

The Sixth Circuit has subsequently invalidated "the identically-worded Guideline § 4B1.2(a)(2)'s residual clause," and affirmed that "*Johnson's* rationale applies with equal force to the Guidelines' residual clause" for cases on direct review. *United States v. Pawlak*, 822 F.3d 902, 907–08 (6th Cir. 2016).[2] The Court of Appeals has not, however, held that *Johnson* applies *retroactively* to career-offender guideline cases on collateral review; in fact, the Sixth has made reading tea leaves somewhat difficult.[3] The Supreme Court, recognizing a circuit split with respect to *Johnson*'s effect, if any, on § 4B1.2(a)(2) of the Guidelines,[4] has granted a writ of *certiorari* in *Beckles v. United States*, __ S. Ct. __, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016).

## II.

A successive § 2255 motion that seeks relief pursuant to "a new rule of constitutional law" must satisfy an important condition; the "new rule" must be "made retroactive to cases on collateral

---

[2] The circuits do not unanimously concur, and most notably, the Supreme Court has yet to address the issue.
[3] At times, like here, petitioners have received successive authorization. *In re Homrich*, No. 15-1999, slip op. at 3 (6th Cir. Mar. 28, 2016) ("The fact that the career-offender Guideline's residual clause had the same force of law as did the ACCA's at the time of Homrich's sentencing is sufficient to establish a prima facie showing that Homrich is entitled to relief."). On at least one other occasion, a petitioner has been denied authorization. *See In re Lewis*, No. 15-3915, slip op. at 3 (6th Cir. June 29, 2016) ("We agree that *Johnson* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, *see In re Watkins*, 810 F.3d 375, 383–84 (6th Cir. 2015)—but only with regard to individuals sentenced under the ACCA. . . . The similarly worded Guidelines' definition may be unconstitutionally vague. . . . But even if it is, there is no Supreme Court precedent making such 'a new rule of constitutional law . . . retroactive to cases on collateral review,' 28 U.S.C. § 2255(h)(2). Lewis has therefore not made the requisite prima facie showing.").
[4] *Compare, e.g., In re Griffin*, __ F.3d __, No. 16-12012, 2016 WL 3002293 (11th Cir. May 25, 2016) (denying authorization); *Donnell v. United States*, __ F.3d __, No. 15-2581, 2016 WL 3383487 (5th Cir. June 17, 2016) (per curiam) (same); *with In re Hubbard*, __ F.3d __, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016) (authorizing successive § 2255 motion); *In re Encinias*, __ F.3d __, No. 16-8038, 2016 WL 1719323 (10th Cir. Apr. 29, 2016) (per curiam) (same).

review *by the Supreme Court*." 28 U.S.C. § 2255(h)(2) (emphasis added). The Supreme Court has remarked on this language in the context of the identically worded § 2244(b)(2)(A):

> Quite significantly, under this provision, the Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.
>
> The only way the Supreme Court can, by itself, "lay out and construct" a rule's retroactive effect, or "cause" that effect "to exist, occur, or appear," is through a holding. The Supreme Court does not "ma[k]e" a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts. In such an event, any legal conclusion that is derived from the principles is developed by the lower court (or perhaps by a combination of courts), not by the Supreme Court. *We thus conclude that a new rule is not "made retroactive to cases on collateral review" unless the Supreme Court holds it to be retroactive.*

*Tyler v. Cain*, 533 U.S. 656, 663 (2001) (emphasis added).

Several truths forecast that Mr. Homrich may be entitled to relief; but each truth meets a more compelling answer requiring a stay today.

True, the Supreme Court has held that *Johnson* announced a new substantive rule made retroactive to cases on collateral review. *Welch*, 136 S. Ct. at 1268. However, *Welch* only held— indeed, it *could* only "hold," *Cain*, 533 U.S. at 663—that "*Johnson* changed the substantive reach of the *Armed Career Criminal Act*," and therefore announced a retroactive rule in that statutory context. *Welch*, 136 S. Ct. at 1265.

True, too, the Sixth Circuit authorized Mr. Homrich's successive filing because he "establish[ed] a prima facie showing that [he] is entitled to relief." *In re Homrich*, slip op. at 3. "[A] court of appeals may authorize such a filing only if it determines that the applicant makes a 'prima facie showing' that the application satisfies the statutory standard." *Cain*, 533 U.S. at 661

3

n.3. "But to survive dismissal in district court, the applicant must actually 'sho[w]' that the claim satisfies the standard." *Id.*

True, once more, the Sixth Circuit has subsequently applied *Johnson* to strike down the residual clause in § 4B1.2(a)—and logically reasoned why *Johnson* demands the "prospective" death of that clause. *Pawlak*, 822 F.3d at 902. However, the Sixth has remained mute on any *retroactive* effect for "career offender" cases on collateral review, and at times, has even sent mixed signals. *See supra* note 3. In fact, no circuit, not even the Fourth,[5] has affirmed an order granting relief for a petitioner in Mr. Homrich's position, though most have granted second or successive authorizations. *See supra* note 4. And at least one circuit has authorized, and then wisely stayed, all second or successive petitions pending *Beckles*. *See, e.g., Blow v. United States*, __ F.3d __, No. 16-1530, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) (per curiam) (granting a petitioner authorization to file a second or successive § 2255 motion but instructing the district court "to hold the motion in abeyance pending the outcome of Beckles").

True, as a final point, in *In re Watkins*, 810 F.3d 375, 381 (6th Cir. 2015), the Sixth Circuit cited approvingly to Justice O'Connor's concurrence in *Cain*, 553 U.S. 663, 668–69, in which she postulated that a lower court "may 'm[a]ke' a new rule retroactive through multiple holdings that logically dictate the retroactivity of the new rule." However, Justice O'Connor noted that "'the holdings must *dictate*[,]' *i.e.,* 'permit no other conclusion than that the rule is retroactive.'" *Watkins*, 810 F.3d at 381 (citing *Cain*, 533 U.S. at 669 (O'Connor, J., concurring)).

This court is unable to conclude that *Johnson* "permit[s] no other conclusion than that the rule [in *Johnson*] is retroactive" to § 4B1.2(a)(2) of the Guidelines. The fact that the lower courts

---

[5] Mr. Homrich relies heavily on *Hubbard*, 2016 WL 3181417, at *2. Undoubtedly, the Fourth Circuit provides a logical roadmap for applying *Johnson* to the Guidelines on a retroactive basis; however, the opinion is still in the context of authorizing a second or successive petition. *See id*.

4

are split roughly even[6] only reinforces the conclusion that in a pre-*Beckles* world, *Johnson* does not "dictate" retroactivity in this context.

A federal district court should not today announce that *Johnson* applies retroactively to collateral cases challenging federal sentencing enhancements under § 4B1.2(a)(2)—when the anti-derivative question of whether *Johnson* even *touched* the Guidelines remains an open question before the Supreme Court. *See Beckles*, 2016 WL 1029080; *cf. Watkins*, 810 F.3d at 381 (citing *Cain*, 533 U.S. at 669 (O'Connor, J., concurring)) ("'[T]he holdings must *dictate*[,]' *i.e.,* 'permit no other conclusion than that the rule is retroactive.'").

This court could be justified in denying Mr. Homrich's petition at this time. *Cf. Cain*, 533 U.S. at 663. Of course, if it did so, a certificate of appealability would be appropriately and freely given. However, given the Supreme Court's grant of a writ of certiorari in *Beckles*, along with the Sixth Circuit's successive authorization here, a stay is the more prudent and just measure. *See, e.g., Blow*, 2016 WL 3769712, at *2.

Admittedly, assuming Mr. Homrich is entitled to relief, a stay would "work damage" to him, as resentencing could set him free. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936). However, that argument assumes too much. *Cf. Blow*, 2016 WL 3769712, at *2. In addition to the glaring contextual differences between the procedural posture of *Landis* and Mr. Homrich's

---

[6] *Compare, e.g., Fife v. United States*, No. 1:03-cr-00149, 2016 WL 3745762 (S.D. Ohio July 13, 2016); *United States v. Hawkins*, No. 8:13-cr-00343, 2016 WL 3645154 (D. Neb. June 30, 2016); *United States v. Hoopes*, No. 3:11-cr-00425, 2016 WL 3638114 (D. Or. July 5, 2016); *Townsley v. United States*, No. 3:14-cr-146, slip op. (M.D. Pa. June 23, 2016); *United States v. Ramirez*, No. 10-10008, __ F. Supp. 3d __, 2016 WL 3014646 (D. Mass May 24, 2016); *Moring v. United States*, No. 2:09-cr-20473, 2016 WL 918050, at *5 (W.D. Tenn. Mar. 8, 2016); *with, e.g., Cowan v. United States*, No. 4:11-cr-003, 2016 WL 3129288 (W.D. Mo. June 2, 2016); *Frazier v. United States*, No. 1:09-cr-188, 2016 WL 885082 (E.D. Tenn. Mar. 8, 2016); *Cummings v. United States*, No. 15-cv-1219, 2016 WL 799267 (E.D. Wis. Feb. 29, 2016); *United States v. Cervantes*, No. 4:11-cr-3099, 2016 WL 715796 (D. Neb. Feb. 22, 2016); *Hallman v. United States*, No. 3:15-cv-00468, 2016 WL 593817 (W.D.N.C. Feb. 12, 2016); *United States v. Stork*, No. 3:10-cr-132, 2015 WL 8056023 (N.D. Ind. Dec. 4, 2015); *United States v. Willoughby*, No. 3:10-cr-431, 2015 WL 7306338 (N.D. Ohio Nov. 18, 2015).

successive § 2255 motion here,[7] "[t]he new rule [in *Johnson*] becomes retroactive [to § 4B1.2(a) of the Guidelines], not by the decisions of the lower court," *see, e.g.*, *Fife*, 2016 WL 3745762, "or by the combined action of the Supreme Court and lower courts," *see, e.g., Welch*, 136 S. Ct. at 1257, *Johnson*, 135 S. Ct. at 2551, *Peugh*, 133 S. Ct. 2072, (2013), *Pawlak*, 822 F.3d at 902, "but simply by the action of the Supreme Court," *Beckles*, 2016 WL 1029080. *Cain*, 533 U.S. at 663. The *Supreme Court's* decisions, *see, e.g., Welch*, 136 S. Ct. at 1257, *Johnson*, 135 S. Ct. at 2551, *Peugh*, 133 S. Ct. at 2072, do not "permit no other conclusion than that the rule [announced in *Johnson*] is retroactive" to § 4B1.2(a) of the Guidelines.

This court sympathizes with Mr. Homrich and other prisoners similarly situated. However, expedience and forecasted justice must yield to caution and precedent; and we all, Mr. Homrich probably most, anxiously will await the Supreme Court's final word.

## **ORDER**

For the reasons contained in the accompanying opinion, this case is **HEREBY STAYED** pending the outcome of *Beckles*.

**IT IS SO ORDERED**.

Date:   July 28, 2016                                                                  /s/ Paul L. Maloney  
                                                                                                   Paul L. Maloney  
                                                                                                   United States District Judge

---

[7] The court is not convinced that a pre-AEDPA, 1936 decision has any bearing on this particular situation, where confusion reigns supreme over the lower courts and the Supreme Court "is the only entity that can 'ma[k]e' a new rule retroactive." *Cain*, 533 U.S. at 663.